UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHADELL TRAMUN,                                     :

                    Plaintiff,            :

              -against-                      :      **REPORT and RECOMMENDATION**

NATHAN OCASIO DDS, RIKERS ISLAND    :             11 Civ. 6061 (PKC)(KNF)
GRVC,
                                                       :
                    Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE:

      On August 13, 2011, Shadell Tramun ("Tramun"), proceeding pro se, brought this action, pursuant to 42 U.S.C. § 1983, against defendants Dr. John Doe and Rikers Island GRVC. On October 4, 2011, your Honor terminated Rikers Island GRVC from this action and directed plaintiff to file an amended complaint by December 4, 2011, to indicate the name of the "John Doe" defendant provided by the Office of the New York City Corporation Counsel. No amended complaint was received by the court by December 4, 2011; therefore, the Court extended to March 1, 2012, the plaintiff's time to file an amended complaint. The plaintiff's amended complaint was filed on March 5, 2012; it identified the defendant as Dr. Nathan Ocasio ("Ocasio"), a dentist at the Rikers Island jail facility.

      Tramun alleges that, on or about June 24, 2008, Dr. Ocasio began a root canal procedure, by drilling a hole in his tooth, but never completed the procedure, causing his tooth "to rot and decay." According to Tramun, because of the unfinished root canal, he suffered "[f]acial swelling due to infection," nerve pain radiating from his tooth through his nasal passage, and an infection of the gums. Tramun maintains that the infection became "a cyst which continually leaked blood and pus into [his] mouth."

A pretrial status conference was held on November 20, 2013.  The defendant's counsel appeared in court for the conference, while Tramun participated in the conference via telephone. During the conference, Tramun advised the Court that he did not wish to continue prosecuting the action.  The Court directed Tramun to submit to the court, on or before December 2, 2013, an appropriate writing to effectuate the termination of the action; however, he failed to do so.  As a result of Tramun's failure to comply with the Court's November 20, 2013 directive, the Court issued an order on December 4, 2013, directing Tramun to review Rule 41 of the Federal Rules of Civil Procedure and, "on or before December 16, 2013, take appropriate action, in writing, to effectuate the termination of this action."  In addition, the December 4, 2013 order cautioned Tramun "that failing to comply with a court order may result in the imposition of a sanction, including the dismissal of his complaint."

As of the date of this report, the docket sheet maintained by the Clerk of Court for this action does not reflect that any written submission was made by Tramun, in compliance with the December 4, 2013 order, to effectuate the termination of this action.  Moreover, Tramun has neither: (1) requested that the Court grant him additional time to comply with the December 4, 2013 order; nor (2) communicated to the Court, in any way, that he has reconsidered his November 20, 2013 position and has determined to continue to prosecute the action.

## DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action voluntarily "by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).  Rule 41 also explains that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute."  See

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).  The authority of a district court to dismiss an action sua sponte, for lack of prosecution, is an inherent power vested in the court "to manage its own affairs so as to achieve the orderly and expeditious disposition of cases."  Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389 (1962).

In the instant case, Tramun has advised the Court orally, during a status conference, that he does not want to continue to litigate this action.  However, Tramun has failed to comply with two Court directives that he effect a voluntary dismissal of the action, in writing, as contemplated by Fed. R Civ. P. 41(a)(1)(A).  In this circumstance, exercising the court's inherent authority to manage its affairs by dismissing the action sua sponte, pursuant to Fed. R. Civ. P. 41(b), and thereby giving effect to Tramun's express determination to cease prosecuting this action, is warranted.

## RECOMMENDATION

For the reasons set forth above, I recommend that the complaint be dismissed, pursuant to Fed. R. Civ. P. 41(b).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Castel.  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v.

Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      January 10, 2014

Respectfully submitted,

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Shadell Tramun