USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-1-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHADELL TRAMUN,

                    Plaintiff,                    11-cv-6061 (PKC)

      -against-                        ORDER

NATHAN OCASIO DDS, RIKERS ISLAND
GRVC,

                    Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Shadell Tramun, proceeding pro se, commenced this action on August 17, 2011, alleging deliberate medical indifference related to alleged injuries incurred in a dental procedure. (Docket # 1.) As recounted in the Report & Recommendation (the "R&R") of Magistrate Judge Kevin Nathaniel Fox, during a pretrial status conference of November 20, 2013, Tramun advised the Magistrate Judge Fox that he no longer wished to proceed with the action. (R&R at 2.) Magistrate Judge Fox directed Tramun to submit, no later than December 2, 2013, "an appropriate writing to effectuate the termination of the action." (Id. at 2.) Tramun failed to do so. (Id.) In an Order of December 4, 2013, Magistrate Judge Fox directed Tramun to Rule 41, Fed. R. Civ. P., and again directed him to terminate the action in writing. (Id.; Docket # 36.) The Order stated that the failure to do so "may result in the imposition of a sanction, including the dismissal of his complaint." (R&R at 2; Docket # 36.)

        Tramun did not thereafter submit a written statement that effectuated termination of the action. (R&R at 2.) On January 10, 2014, Magistrate Judge Fox issued the R&R, recommending that the Court dismiss the Complaint pursuant to Rule 41(b), Fed. R. Civ. P.

(R&R at 2-3.) Nearly seven months have since passed, and Tramun has not objected to the R&R or made any other communications to the Court. The R & R expressly called plaintiff's attention to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1). Tramun received clear notice of the consequences of the failure to object and has waived the right to object to the R&R or obtain appellate review. See Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Caidor v. Onondaga County, 517 F.3d 601 (2d Cir. 2008).

The R & R is adopted and the action is dismissed. The Clerk is directed to enter judgment for the defendants. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 31, 2014